IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN ROBINSON, | ) | CASE NO. 1:09 CV 1197 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

**Introduction**

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Sean Robinson, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Robinson had severe impairments consisting of status post aortic valve replacement in February 2004, status post thrombectomy of prosthetic aortic valve and open mitral valve commissurotomy in January 2007, status post bilateral carpal tunnel decompression surgeries, status post right shoulder arthroscopic capsular release, and migratory polyarthralgias.[1] The ALJ made the following finding regarding Robinson's residual functional capacity:

---

[1] Transcript ("Tr.") at 11.

> Mr. Robinson has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with restrictions. Specifically, Mr. Robinson can lift and carry up to 20 pounds occasionally and 10 pounds. He can sit for six hours of an eight-hour day. He cannot reach overhead with his dominant upper extremity. He can handle and finger frequently but not constantly. He is limited to simple, routine tasks.[2]

The ALJ decided that this residual functional capacity precluded Robinson from performing his past relevant work.[3]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Robinson could perform.[4] The ALJ, therefore, found Robinson not under a disability.[5]

Robinson asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Robinson presents two issues for decision here:

- Should the residual functional capacity finding have restricted Robinson from overhead reaching with both arms?

- Should the residual functional capacity finding have included a limitation to occasional handling and fingering during the period from July 2004 to October 2006?

---

[2] *Id.* at 13.

[3] *Id.* at 17.

[4] *Id.* at 18.

[5] *Id.* at 19.

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**1.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner

---

[6] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[7] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[8]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.    Substantial evidence supports the ALJ's residual functional capacity finding.**

Robinson's argument with respect to the left shoulder relies heavily on the opinion of the consulting examiner, Timothy Morley, D.O. Dr. Morley records complaints of pain in both shoulders.[9] His physical examination notes report decreased motion of the shoulders.[10] Dr. Morley's summary states that: "The patient may have some difficulties with work related to physical activities such as ... lifting above the shoulder level."[11] This diagnosis includes bilateral shoulder pain of unknown origin.[12] His testing report notes decreased range of motion in both the left and right shoulders.[13] He concludes with the remark, "I cannot explain the pain through the patient's shoulders."[14]

---

[7] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[9] Tr. at 312.

[10] *Id.* at 314.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 316.

[14] *Id.* at 318.

In discussing Dr. Morley's opinion, the ALJ noted that the opinion was consistent with the evidence and gave it weight.[15] Robinson rests heavily on the weight assigned to Dr. Morley's opinion, which reported problems in both shoulders, and the full weight assigned by the ALJ to that opinion.

In reviewing the medical evidence, however, I find virtually nothing other than reports of complaints about the left shoulder. Most telling for me are the reports of two orthopaedic surgeons at University Hospitals, Patrick Getty, M.D., and Rubin Gobezie, M.D., in December of 2006.[16] Although these reports contain complaints of left shoulder pain, the only diagnoses made are of the right shoulder. There exists only one x-ray of the left shoulder, which proved unremarkable.[17]

The Commissioner also points to the fact that at the hearing before the ALJ, despite numerous opportunities to do so, Robinson did not identify any left shoulder problems as supportive of his disability claim.[18]

Although the full weight given to Dr. Morley's report is problematic, the objective medical evidence simply does not exist to support a limitation on the left shoulder. Substantial evidence supports the ALJ's decision to place a limitation only on the right shoulder.

---

[15] *Id.* at 316.

[16] *Id.* at 240-45, 254-57.

[17] *Id.* at 270.

[18] ECF # 23 at 2.

With respect to restriction on the use of the hands to occasional rather than frequent, Robinson points to his extensive treating history between 2004 and 2005 for his carpal tunnel condition.[19] Nevertheless, both Dr. Morley and the state agency reviewing physician, Dr. Holbrook, placed no limitations on grasping, manipulation, pinching, fine coordination, or feeling.[20] There is no residual functional capacity opinion from any of Robinson's doctors.

I have carefully reviewed the medical records brought to my attention in Robinson's brief.[21] The right carpal tunnel syndrome condition was diagnosed in July of 2004,[22] was operated on in November of 2004,[23] and was substantially resolved by January of 2005.[24] On January 3, 2005, the surgeon, John Shaffer, M.D. instructed Robinson to "continue full activities.[25] Robinson is right hand dominant.[26]

---

[19] ECF # 22 at 6-7.

[20] Tr. at 315, 337.

[21] ECF # 22 at 6-7.

[22] Tr. at 356-67.

[23] *Id.* at 388.

[24] *Id.* at 391.

[25] *Id.*

[26] *Id.* at 315.

Dr. Shaffer injected the left trigger thumb on January 23, 2005.[27] Apparently, Elizabeth Rotor, M.D. injected the same thumb in January of 2006.[28] The records of Drs. Shaffer and Rotor shed no light on the degree of limitation from this condition. In a consultative examination performed in April of 2006, Dr. Morley reported that Robinson's wrist flexors and extensors and his finger abductors and adductors were normal and that he had normal grasp, manipulation, pinch, and fine coordination in the right and left hands.[29] Although Robinson's brief represents that he had surgery on the left wrist in October of 2006,[30] he cites to no records of that surgery, nor do his charts reference such surgery.[31] The limitations imposed in the residual function capacity finding on use of the hands for handling and feeling must be upheld under the substantial evidence standard.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Robinson had no disability. Accordingly, the decision of the Commissioner denying Robinson disability insurance benefits and supplemental security income is affirmed.

---

[27] *Id.* at 391.

[28] *Id.* at 310 (record difficult to read).

[29] *Id.* at 315.

[30] ECF # 22 at 7.

[31] *See*, ECF # 22-1.

-8-

IT IS SO ORDERED.

Dated: September 28, 2010            s/ William H. Baughman, Jr.
                                                             United States Magistrate Judge